JUDGE RAMOS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

JOTHI RATHNAM PADMANABHAN
**Plaintiff,**

--against-

NEW YORK INSTITUTE OF TECHNOLOGY
CAMPUS, NEW YORK. A/K/A NYIT; THE
BOARD OF TRUSTEES

VARUN    CHOPRA    IN    INDIVIDUAL
CAPACITIES OF NYIT

ZENNABELLE SEWELL IN OFFICIAL AND
INDIVIDUAL CAPACITIES OF NYIT

MICHAEL SCHNEIDER IN OFFICIAL AND
INDIVIDUAL CAPACITIES OF NYIT

GABRIELLE ST LEGER IN OFFICIAL AND
INDIVIDUAL CAPACITIES OF NYIT

CHERYL  MONTIOCCIOLO  IN  OFFICIAL
AND INDIVIDUAL CAPACITIES OF NYIT

ANTHONY    REPALONE    IN    OFFICIAL
CAPACITIES OF NYIT

WILLIAM    JOSEPH    IN    OFFICIAL
CAPACITIES OF NYIT

**DEFENDANTS**

# 18 CV 5284

**COMPLAINT**
**JURY TRIAL DEMANDED**

Plaintiff Jothirathnam Padmanabhan ("Plaintiff" or "Jothirathnam") by individually handles the case in

academic experience of Cyberlaw- policies, ethics and management case studies and presentations. Brings

the first amended complaint against Defendants- New York Institute of Technology (NYIT), Zennabelle

sewell, Michael Schneider, Cheryl Monticciolo, Gabrielle St Leger, NYIT Campus security and Varun

Chopra. Plaintiff alleges upon knowledge concerning his own acts and upon information and belief as to all

other matters.

## Preliminary Statement

1.  Plaintiff Jothirathnam severely treated as Targeted Individual (T.I.) in planned racial discrimination.

    Segregation treatment in every visit to NYIT ON/Off campus entries and retaliated in NYIT

    educational services.

2.  Plaintiff reported the racial discrimination complaints to— Dean Zennabelle sewell on 15 Sept 2016

    in oral and on 18 October 2016 in written, Dean Gabrielle on 7 March 2017 in oral, Director Michael

    on 13 Sept 2016 in oral and written on 21 October 2016, US Department of NY on 27 March 2017 in

    written and Cheryl Monticciolo on 6 June 2017 in written. NYIT Title IX Staffs' handled the

    complaints in psychological-warfare to avoid the complaint matter. NYIT director, compliance and

    title IX coordinator; Title IX staffs and faculty; and US Department of Education in New York not

    resolved, and not taken any appropriate actions to investigate the ongoing severe racial discrimination

    complaints.

3. Racial discrimination repeated in NYIT honor committee named National Student Leadership and

   Success (NSLS); in during the NSLS executive board meetings and in events planning at NYIT.

   Plaintiff serves in as NSLS Social event chair from 14 May 2016 to 9 October 2016. Plaintiff

   reported the discrimination complaint to Associate Dean of Student Involvement Leadership

   Development, Danny Catalano on 16 June 2016. Discrimination complaints not resolved and

   continued to persist.

4. On 23 October 2016, Plaintiff prepared the court complaint procedures in discussion forum. The

   discussion found by NYIT Agents and planned the retaliations in the student appointment on 26

   October 2016.

5. On 26 October 2016 appointment, Director Michael committed the planned retaliations in taken the

   plaintiff and providing the false information to the Mount Sinai- Comprehensive Psychiatric

   Emergency Program (CPEP). The fictitious statements found in CPEP summary report. Then,

   Plaintiff reported the Director's wrong commit to patient relations coordinator of the hospital and

   included per amendments.

6. Plaintiff Jothirathnam seeks damages in excess of 30 million.

## II. PARTIES

7. **PLAINTIFF JOTHI RATHNAM-** Graduate of New York Institute of Technology, attended Manhattan campus and old Westbury campus. Jothi rathnam resides in Astoria, NY. In addition, member of Community-social-worker for Good-news planet, Madison avenue and NYC CERT medical volunteer.

8. **DEFENDANT NEW YORK INSTITUTE OF TECHNOLOGY OR NYIT, of MANHATTAN AND OLDWESTBURY CAMPUS** a private educational institution that based upon information receiving federal funding. Board of Trustee's manages NYIT and the President, Henry C. "Hank" Foley, sued in his official capacities, serves from June 2017 for New York Institute of Technology of campus in New York locations.

9. **DEFENDANT VARUN CHOPRA** sued in individual capacities of NYIT. New student president of NYIT Honor society- National Society of Leadership and Success (NSLS) for fall 2016 term and student of NYIT.

10. **DEFENDANT ZENNABELLE SEWELL** sued in official and individual capacities- Associate Dean of campus life and Student affairs at 26 West 61 St, Room: 103, Manhattan. Active Committee Member of Middle States Commission on Higher Education (MSCHE), serves in for Steering and Working Group II- Ethics and integrity. New York Institute of Technology based in Manhattan Campus.

11. **DEFENDANT, MICHAEL SCHNEIDER** sued in official and individual capacities. Based on information and belief, serves in as LMSW Room M-04, 26 West 61 Street New York, New York.

12. **DEFENDANT GABRIELLE ST LEGER** sued in official and individual capacities. Serves in as NYIT's deputy Title IX coordinators for the Students, Dean of Students and Campus life. In students Activities Center, NYIT, Room-208, Old Westbury, Northern Boulevard P.O. Box 8000, New York 11568.

13. **DEFENDANT CHERYL MONTICCIOLO** sued in official and individual capacities. Registered

attorney admitted in New York State in 2012. Serves in as NYIT director, compliance & title IX

coordinator in President's office, NYIT Old Westbury New York.

14. **DEFENDANT WILLIAM JOSEPH OR NYIT CAMPUS SECURITY** sued in official capacities.

Serves in as security director of campus security of NYIT Manhattan campus. Based on the

information, and belief the NYIT Campus Security responsible for campus security, safety

precautions, and emergency procedures.

15. **DEFENDANT ANTHONY REPALONE OR NYIT CAMPUS SECURITY** sued in official

capacities. Serves in as Security director in simonson house of NYIT old westbury. Based on the

information, and belief the NYIT Campus Security responsible for campus security, safety

precautions, and emergency procedures.

## III. JURISDICTION AND VENUE

16. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 and 1343 because the

matters in controversy arise under the Constitution and laws of the United States. Jurisdiction is also

proper over Plaintiffs' claims under 28 U.S.C. § 2201-2202 because those claims arise out of the

same case or controversy as Plaintiffs' federal claims. Plaintiff has the right to appear as pro se in a

civil case in federal court in a statute, 28 U.S.C. § 1654.

17. Plaintiffs seek a declaration of their civil rights. This Court has supplemental jurisdiction over

Plaintiffs' related state law claims under 28 U.S.C. § 1367(a) because those claims arise out of the

same case or controversy as Plaintiffs' federal claims.

18. Venue is proper in this Court under 28 U.S.C. §1392 (b) and 42 U.S.C. § 2000d. Because Defendant

New York Institute of Technology (NYIT) and one or more of the Defendants reside within this

Court's judicial district and a substantial part of the events or omissions giving rise to the claims

occurred within the judicial district.

## IV. STATEMENT OF FACTS

### Part-1

**A. Lists of Racial Discrimination Incidents Happened in Severe Participations of Targeted Individual (T.I.) crime in NYIT Campus. (Against Defendants- NYIT, Campus Security, Zennabelle, Gabrielle, and Cheryl)**

19. NYIT participants- graduate students of school of engineering and computing sciences department of Information Network and Computer Security (INCS) program and Computer Sciences (CS) program of August 2015 to December 2016 batch. Segregated the plaintiff as targeted individual in all NYIT entries from August 2015 in unlawful racial discriminatory practices.

20. NYIT agents and NYIT participants set-forth the strong coordination in private cyber surveillance of discussion platform for loop resource benefits. NYIT agents and NYIT Dean, Zennabelle sewell associated members and influential relations.

21. NYIT agents operates the plaintiff, Jothirathnam in cyber-tracking, monitoring and alarming in NYIT ON/OFF entries in moving basis, and informing to the NYIT Campus Security.

22. NYIT Agents persistently continued the broadcasting surveillance (host) in Targeted Individual alarming the plaintiff Jothirathnam, in all NYIT ON entries.

23. Then NYIT participants perpetrated and adopt the Targeted Individual (T.I.) discriminatory behaviors in group participations against the Plaintiff. NYIT Agents monitors the discriminatory behaviors of NYIT participants and picks selective winners. During lectures and in every sessions of the plaintiff' Jothirathnam' NYIT entries.

24. Racial Discriminatory behaviors- Graphic conducts perpetrated in severe, pervasive and disruptions by the NYIT participants. Perpetrators- In repeatedly spy-gating (eye-signaling) from behind or around in centering the plaintiff Jothirathnam; within two or many persons performs in receiver and sender. Performed in every place/session of NYIT campus.

25. NYIT Agents named this graphic conduct as spy gating (EYE-PASS) performed in racial discrimination. In monitoring, NYIT agents calculates the each perpetrates of participants in value points at the NYIT ON/OFF Campus. The planned commit participated in intent of creating an assault-threats against plaintiff.

26. Another repeated graphic conduct of racial discriminatory behavior during NYIT sessions- Next

sitting person perpetrates in distracting-illusion during ongoing lectures and sessions. The same

incidents happened in outdoor' commutes in repeated times. The perpetrator sits in as casual, and in

placing the leg over knee. Then rotating the ankles-foot in circle; in intent to insult and threat. NYIT

Agents monitors in the Targeted Individual (T.I.) alarming and picks selective winners out of

discriminating-participants. The incident happens in front of the group and pointing toward the

plaintiff. Disruption behavior of repeated incidents reported with a proof and unconsidered by the

dean zennabelle.


27. NYIT participants performed a separating treatment in hate crime, rude, ignoring, anchoring, biased

nature, intent group-spitting during sport-event work, written murder threats in electronic mail from

NYIT student, for loop resource benefit from NYIT Agents.


28. Defendant NYIT created the hostility in educational environment, severe exclusions, and restrictions

in educational services in racial discriminatory behaviors.

29. Defendants NYIT, Zennabelle sewell, Gabrielle St Lager, Michael Schneider, Cheryl Monticciolo and US Department-NY has failed to proceed, not investigated and not handled the plaintiff' oral and written complaints.

30. Continuing racial discrimination planned in broadcasting intrusion of the residence and privacy invasion in finding the complete education program schedules and calendar activities in cyber-custody. Racial discriminatory continued- in forms of street theatre, same-time entry/exit, store mobbing, public rudeness/anchoring, in basis of race in NYIT campus.

31. Cyber custodies of Targeted individual alarming operated in campus places, train stations, store and counter queues, sports arenas, social events, housing, in career fairs (including the employer stalls).

32. Racial discrimination in severe, pervasive, and persistent in the educational services under federally assisted program.

**B. Hate Crime Incident in Racial Discrimination For No Reason In NYIT Campus.**

33. Plaintiff suffered and tolerated the Hate Crime incident in race discrimination for no reason in NYIT Campus. Organized racial discrimination of targeted individual led to the hate crime on Sept 2015 (Tuesday). During the lecture (Class of Network security and perimeter protection), the NYIT student, (Gheewala Jigar Rajesh) commits a intentional hit by his leg with a force in my left part of the lower body is willfully causes the bodily injured because of perception regarding the racial discrimination. Intentionally planned crime incidents based on the plaintiff's Indian race.

34. Plaintiff tolerated the incident in between the lecture and many male and female students. Again, the hate crime act repeated in the campus floor on 8/4/2016 by another person in the same group (Patel Dhimant Harikrushnabhai). The crime commit referred in Penal Law - PEN §485.05 (1) Hate crimes assault in second degree under race basis.

**C.    T.I. Crime of Racial Discrimination- Open Hall Discriminating Behaviors, Planned Restrictions in The NYIT Career Fair and Hostility in Educational Environment**

35. The Plaintiff, Jothirathnam attended the NYIT STEAM career fair on 15 Sept 2016 in Manhattan campus.

36. The plaintiff Jothirathnam attended the next NYIT Career fair, on 7 March 2017 in Old Westbury campus.

37. NYIT' career services center staffs of Manhattan campus and old Westbury campus staffs- arranges the career fair events in the NYIT campus. NYIT Career service center staffs responsible and part of the set forth racial discrimination of exclusions in the NYIT career fair event.

38. In the career fair event hall- severe exclusion, pervasive and denial of educational services; Racial Discriminatory behaviors- Graphic conducts perpetrated in persistent and disruptions by NYIT participants. Perpetrates of repeated spy-gating (eye-signaling) from behind or around in centering the plaintiff Jothirathnam; within two or many persons performs in receiver and sender in at every employers and NYIT participants, at the career fair hall under monitoring participations of NYIT Agents.

39. In the busy event hall, new career fair stall recruiters aware of the behavior and performing along based on prior set forth information from the NYIT career center staffs.

40. Plaintiff opportunity participations and provision of services prohibited under racial discriminatory performances. The graduate candidate's years of educational effort, involvement and graduate enrollment affected by the severe separated treatments from the NYIT educational services.

**D. Plaintiff reported on 15 September 2016 to the Dean Zennabelle sewell in NYIT Manhattan campus and again to Dean St Lager Gabrielle on 7 March 2017 in NYIT old westbury.**

41. The same day after career fair, on 15 Sept 2016. Plaintiff filled an appointment sheet in the administrator office for the meeting. Orally reported the STEAM Career fair discrimination incidents and opportunity restrictions.

42. Dean Zennabelle not made action report, and investigations in failed to prevent, respond to, and appropriately resolves the instances to the racial discrimination in career fair hall in NYIT Manhattan campus. Handled the overall complaint in psychological warfare in deviating the matter and told "it is usual".

43. The same race discrimination of Targeted individual crime incidents continued in repeats on 7 March 2017, in NYIT Old Westbury Career fair. The discrimination incidents reported to the deputy title ix coordinator Ms.Gabrielle St lager in communicating through the administrator office.

44. The Dean Gabrielle St lager handled the race discrimination complaint of targeted individual crime in psychological warfare in following the Dean Zennabelle sewell.

45. In the end of the meeting, Plaintiff humbly requests the situations and response could possibly, "please find by rewind the campus security surveillance or inquire the career fair hosts of the career services center team to provide for the racial incident". The Dean Gabrielle St Lager handling in avoiding the matter of the same as the Dean Zennabelle.

46. Failure action is the violation of the title VI procedures in student protection and supporting the racial discrimination for loop benefits to the students is the anti- discrimination act in ground of race and scam festival participation under federally assisted programs through the department of education effectuation of title VI of the civil rights act of 1964.

**E. Repeated Racial Discriminations of Targeted Individual in Student employment at NYIT, Old Westbury on 3 March 2016**

47. On 3 March 2016, an inappropriate incident committed by the Baseball team of NYIT old Westbury campus. Total of 10 baseball players and the plaintiff were working in fixing, arranging at sidewalls of the stadium. Suddenly the 10 of the team players were repeatedly spitting in intent and back to back at the ground in a distance of the plaintiff for almost continuous of 10/15 minutes for no reason. Players were doing it as irrespective conduct and providing a threatening environment to the work participation.

48. NYIT Sports instructor, James Massari offered the event staff work. Instructor James, eye witnessed the incident on the spot and mentioned a text message "I never forget it as long as live".

49. Racial discriminatory of threatening and insulting behavior in sports stadium, an exclusion in Targeted Individual (T.I.) crime at NYIT institution Old Westbury NY.

**F. Plaintiff Received Murder Threat and Malice Statement from the NYIT Student.**

50. On 1/6/2017, Plaintiff received a murder-threats and intent malice statement from NYIT person of NYIT Manhattan campus in considering the targeted individual in ground of race discrimination.

51. Threatening statements, NYIT person Mr.Gjergj Kodhima said the following: **"I don't know who you are. I don't know what you want" "I will look for you, I will find you, and I will kill you".**

52. This incident reported in electronic communications to the Dean Zennabelle. During the on-call discussion, the Dean Zennabelle told "it is a movie dialogue sent to you by the NYIT person".

53. The statements written by NYIT student is a distressing commit of imminent menacing statement to murder in third degree in ground of race. According to the student handbook of NYIT policy statement it is a threat under domestic violence in Offenses.

**Part- 2**

**G. On 8 Sept 2016, Plaintiff informed/discussed the Racial Discrimination to the Director Michael.**

54. Plaintiff Jothirathnam worked 2 weeks as student volunteer in NYIT Counseling and wellness office. Plaintiff had the exposures of the services and support of the counselling wellness at the NYIT from May 2016.

55. Michael Schneider' is NYIT Title IX faculty and staff in additional resources. On 8 Sept 2016, plaintiff made an electronic mail appointment and reported to the Director Michael to get instructional steps for the racial discrimination.

56. Plaintiff informed the continuous and repeated incidents. Plaintiff also provided 3 witness video recording under "SEE SOMETHING AND SAY SOMETHING" as suspicious activity per Department of Homeland Security protections. These Incidents are discriminatory and threatening signs in continuous routine.

57. In response, the Director Michael arranged to meet the private consultant in NYIT Manhattan Campus.

58. On 19 Sept 2016 at the NYIT counseling and wellness office in Manhattan campus. Plaintiff explained the list of organized racial discrimination in the NYIT ON/Off campuses to the consultant Speigel.

59. Consultant Speigel told "They (committer's) are trying to stress you and I can suggest medication help" and walked from the room.

60. On 21 Sept 2016.  Plaintiff visited the NYIT counseling wellness office to collect the Consultant, Mark Speigel's counseling result after electronic mail appointment to director Michael. The Director

Michael said only "not to worry" and not advised any medication or illness in specific to the Dr.Mark

Spiegel's counseling in NYIT. Director Michael added a strange and casual comment as "he (Mark

speigel) is just only at a consultant level"

(Part 3)

**H. Honor Society of NYIT- NSLS team Continued the Repeated Racial Discrimination in**

**Volunteer Work of National Society Leadership Society (NSLS) at NYIT Manhattan Campus. (9**

**May 2016 - Oct 2016). (Against Defendant Varun Chopra)**

61. Introduction to the NSLS purpose. On 9 May 2016, Plaintiff designated as Social Events chair of the

NSLS Executive Board for fall 2016 program. Recruited by the NYIT Program Coordinator,

Katherine Mcmullen and also mentioned an reminder in the same electronic mail, the new NSLS

Student President reaches shortly for NSLS Executive Board Retreat setup and communication.

62. NSLS is a certification program opted for the college students in the NYIT Campus. The program

starts with orientation and consists of 3 Chapter sessions of 14 events– Leadership development

program is the video interactive steps to self-assessment in written. Second chapter, Live/Speaker

Broadcasts & rebroadcasts sessions and third last of Success networking team (SNT) meeting.

Additionally, NSLS team provides supportive online help and serving resources to the campus students (Resume preparations, scholarships and recommendation letter).

63. On 12 May 2016 in the NSLS Ceremony, the designated Executive Board members are announced for NSLS 2016 fall program. NSLS executive board of 8 members- President (Varun Chopra), Vice President (Christina Solimene), Membership Outreach chair and Secretary (Chaya Levin), Social Events Chair (Jothirathnam Padmanabhan), IT coordinator (Patricia hidalgo), and Treasurer (Medgeen Ross), Jimi Adeseun (Publicity chair), Alrasheed Althour (Fund raising chair) works in NSLS Team.

## I.  Roles and Responsibilities of NSLS Executive-Boards for the Fall 2016 term in NYIT Manhattan Campus

64. NSLS Student president (Varun Chopra) responsibilities - handles the society meetings. Engage in a bi-weekly session with the National Office and Advisor. Initiate and coordinate contact with new members to welcome them into the chapter. Participate in monthly national conference calls. If unable to attend, designate another board member to represent the chapter.  Recruit and lead the Executive Board.  Fill-in for various positions as needed for NSLS.

65. NSLS Student vice president (Christina Solimene) responsibilities- the NSLS president upon his/her absence or request or in the event that the president is temporarily unable to serve. Oversee the committee chairs by supporting them with required tools, resources and account for their goals.

66. NSLS membership Outreach Chair and Secretary (Chaya Levin) responsibilities- Record minutes at executive board meetings. Take attendance at orientation, leadership training day (LTD), and speaker events. Enter attendance online in members area for Orientation, Leadership training day, and speaker events. Send email reminders about upcoming events such as award and scholarship deadlines. Executive board worked also from the previous term for NSLS.

67. NSLS Social Events Chair (Jothirathnam Padmanabhan) responsibilities- for NSLS to Recruit and oversee a Social Events Committee. Plan and implement social events. Reserve event hall and coordinate set-up for Non-Society related events. Take lead on ordering food if serving refreshments.

68. NSLS Society Events Chair (NIL- Not Recruited post) responsibilities- NSLS posts to Recruit and oversee a Society Events Committee. Reserve rooms and coordinate set-up for Orientation, Leadership Training Day, Speaker Events (live and Video- on-Demand), and Induction. Take lead on ordering food if serving refreshments. Primarily important for event hall reservations and procedures for member events.

69. NSLS IT coordinator (Patricia hidalgo) responsibilities- to create a NSLS chapter email address. Design and maintain the chapter website with the Publicity Chair. Work with IT and AV departments on campus as well as the Society surrounding tech issues. Supply all events with proper IT equipment and make sure it all functions correctly by arriving at least one hour prior to test equipment and internet connections. Form NSLS Facebook group with the Publicity Chair.

70. NSLS Treasurer (Medgeen Ross) responsibilities- for NSLS to create a bank account for the NSLS chapter either on campus or at a local bank with the President and Advisor. Attend any necessary Student Government financial meetings. Create and manage a budget for the National Dues and local expenses. Work with the Fundraising Chair to assess needed funds to support the chapter.

71. NSLS Publicity Chair (Jimi Adeseun) responsibilities- for NSLS to recruit and oversee a Publicity Committee. Work with IT Coordinator to create and maintain content for chapter website and Facebook group. Creatively advertise the Society, as well as specific events hosted by the chapter. Reach out to professors, student organizations, athletics, residential life, and other groups on campus, a way to promote the NSLS. Customize provided press releases for the school newspaper. Create flyers.

72. NSLS Alrasheed Althour (Fund raising chair) (Not active and shown up) acts for NSLS to Recruit and oversee a Fundraising Committee. Develop and implement fundraisers for the Chapter. Participate in the Society Internship Referral Program to earn money for your chapter. Enlist the help of local sponsors to help raise money for your chapter.

**J. NSLS Executive Board meeting and Plan Starts on 14 May 2016**

73. On 14 May 2016 onwards the NSLS Executive Boards plans the work tasks in mobile applications of Whatsapp and GroupMe. NSLS official matters, and schedules (Event reminders) discussed in group chat.

74. In the NSLS event. Newly appointed NSLS student president, Varun had problems and terminated the experienced Executive board member, NSLS designee of Treasurer (Medgeen Ross). Then NSLS Student president announced and congratulates the plaintiff as treasurer along social events chair in official group chatroom on 6 June 2016 in whatsapp.

75. On 3rd June 2016, 12.30pm. In the NSLS Executive Board Retreat, Discussion meeting is about the Introductions, Overview of the roles and responsibilities of the Executive Board member, and Chapter Action plans (CAP) calendar. The events program planned to facilitate based on the

availability of the two/three Executive Board designees for the listed events to the NSLS student

members.

## K. On 3 June 2016 in NSLS Executive-Board Retreat Meeting- Repeated Racial Discrimination of Graphic Conduct against Targeted Individual (Plaintiff)

76. On 3rd June 2016. NSLS Executive board team continuing the racial discrimination of severe graphic

conduct- EYE-PASS targeted individual crime. Plaintiff witnessed the racial conduct in the NSLS

retreat meeting in during the session.

77. NYIT participants of NSLS Executive Boards members created and responsible for providing the

racially hostile environment in graphic conduct- harassment that is severe, pervasive, and persistent

in the NSLS event of the NYIT Campus.

78. Planned Racial Discriminatory behaviors are- Graphic conducts of racial discrimination in intent

disruptions of escorting the plaintiff- in planned eye-signaling from behind or around in centering the

plaintiff, within two or many in the place act as receiver and sender of the eye-signaling. In NYIT

and every place/session performing in intent of first degree assault-threats to plaintiff in considering

targeted individual. NYIT Agents, the monitoring team named EYE-PASS or spy-gating. NYIT

agents calculate the perpetrates in value points for the NYIT ON/OFF Campus participants. In continuous the commit is group threatening in competitive, pervasive and persistent of severe exclusion in graduate educational services.

79. Plaintiff, Jothirathnam humbly told about the disruption conduct at the end of the meetings at the time of feedback, "please don't continue the distractions during the meeting sessions" to the NSLS Executive board member.

80. In response from NYIT Assistant director of the Student Involvement Leadership and Development (SILD), Danny Catalano communicated in electronic mail for a discussion on 13 June 2016 and appointment meeting made on 16 June 2016.

81. Plaintiff reported the racial discrimination and the harassment in the NSLS meeting sessions and the feedback; in the complaint meeting with the Director Danny Catalano. Complaint not resolved and discriminations continued to persists.

**L. New NSLS Student President Varun' in Scarcity Planning, and Late Handover the additional "Society Events Chair" Responsibilities to the Plaintiff on 9 Sept 2016. (in short of 10 working days for reservation plan)**

82. The NSLS student president Varun failed to recruit the "NSLS Society Events Chair" during the

    NSLS event planning on or after 12 May 2016. Not aware of the NSLS event reservation planning

    and hall allocation for NSLS members until 9 Sept 2016 for the commencement of 20 Sept 2016 for

    the NSLS paid members of the NYIT Students.

83. NSLS Student president not assigned the "Society Events Chair" work responsibilities to any of the

    Executive board members in before to the required time of the process completion.

84. On 9 Sept 2016. In the NSLS Executive Board meetings from 1.00 pm to 4.00 pm in Office of

    Student Involvement Leadership Development (SILD) building, NYIT 1849 Broadway NY. NSLS

    Student president assigned additional responsibility of Society Event Chair along Social Event Chair

    in a time shortage planning to the commencement date on 20 Sept 2016 onwards for the listed events.

85. Plaintiff handled the assigned responsibility of, Society Event Chair from 9 Sept 2016 (Friday

    evening, 4.00pm) immediate start after the meeting. The **Society Events Chair' main**

    responsibilities to Reserve event halls for the NSLS events in advance for paid members (students) of

    NSLS. Coordinate the set-up plan sheets for 3 Chapter sessions of 10 events, Orientation, Leadership

    Training Day, Speaker Events (live and Video- on-Demand), and Induction and sent it to outreach

    chair for planning the email invitation to the NSLS paid members.

86. The plaintiff' primary role designated on 9 May 2016 as **Social Events Chair** responsibilities are to-Recruit and oversee a NSLS Social Events Committee based on requirements and funding. Plan and implement social events. Reserve rooms and coordinate set-up for non-Society related events. Take lead on ordering food if serving refreshments.

87. NSLS Student President Varun very careless and not made any discussion in assigning the Society events chair role from 12 May 2016 to 9 Sept 2016 for NSLS Executive Board member.

88. Plaintiff worked as society event chair for reservations setup in a very limited process time. The list of 14 Chapter event program reservations have a very limited time process. Nearly 60 members are enrolled in paid membership, NSLS posters are published and nearing to member invitation.

**M. Plaintiff Progressively Moved the Work Sheets in the Assigned Society Events Chair's workflow from 9 Sept 2016.**

89. After, the First NSLS Executive board meeting on 9 Sept 2016 (Friday) between 1.00 pm to 4.00 pm in 1849 Student Involvement Leadership Development building, NYIT NY. The plaintiff (Society events chair) waited and met the Administrator (Michelle Davis) to receive the hyper-link of electronic registration form. The form called as Student Involvement Leadership Development

(SILD) event planning form (EPF) weblink in the electronic mail. Then Plaintiff initiates the 2 steps procedure for room reservations.

90. On 12 Sept 2016 (Monday). **First step** completed by the plaintiff (as society events chair), referred the events date and list of Chapter names in the NSLS Chapter Action Plan (CAP) event calendar in Google Drive under NSLS. The NSLS Chapter Action Plans (CAP) calendar datasheet is the event program name and date in the NSLS sharing resource. The plaintiff sent the (electronic registration form) Student Involvement Leadership Development (SILD) event planning form (EPF) in online for NSLS event hall reservation.

91. **Second step**, Administrator (Michelle Davis) forwards and receives the SILD EPF registration confirmation date from the NYIT registrar (Michael Murphy) in Astra Schedule, inhouse resource. Administrator/Registrar sends to (the Plaintiff) Society Events Chair. Then plaintiff (society events chair) sends to the outreach chair(Chaya).

92. On 15 Sept 2016, the plaintiff (society event chair) received 4 reservation confirmations from the Registrar (Michael Murphy) out of 9 bookings based on the NYIT Campus hall availability. Updated to the outreach chair to send NSLS student member invitations.

**N. After the Limited Reservation confirmations, NSLS Student President Forcibly Commands the**

**Plaintiff to meet in person with the NYIT Administrator and Registrar.**

93. On 16 Sept 2016. NSLS Student president commands the plaintiff in text/phone-call "To meet the

    registrar" for the pending reservations of unavailable slots. The plaintiff made formal electronic mail

    appointment for reservation request with the Administrator and Registrar after discussion with NSLS

    Student President in phone-call/text.

94. In the electronic mail follow-up and proper proceeding, the unavailable reservations approved on 19

    Sept 2016 and updated to the outreach chair.

95. The NSLS student president not completed the entire CAP calendar for the reservation booking date

    until 19 Sept 2016. Last 4 mandatory event date (SNT sessions) were blank in the CAP calendar. The

    plaintiff sent the SILD EPF (electronic registration form) for the 9 events and communicated to fill

    the last 4 events calendar date in CAP to the NSLS Student President.

96. The NSLS Student President responded to the plaintiff "after the next meeting on 23 Sept 2016, the

    date will be decided for last 4 events". The plaintiff (society events chair) received the last 4 event

    date in text message on 19th Sept 2016, to send (electronic registration form) of SILD EPF for

    reservations.

**O. Biased Behavior and Separating Treatment in NSLS Events from the NSLS Student President, Varun**

97. NSLS Student President(Varun) assigns to handle certain tasks and the change of words at the last minute to the Plaintiff. The conversation statements and talks are mostly after being in some problem and in a confused state of mind.

98. On 21 Sept 2016, NSLS student President informs the plaintiff in mobile chatroom to give a 2 minutes talk of NSLS importance on Orientation and made a change of decision in the last minute.

99. On 6 June 2016 Student President of NSLS (Varun) had problems with experienced NSLS treasurer (Medgeen Ross) and terminated. The Treasurer left the NSLS, after writing "NSLS President started to attack me" in official chatroom.

100.    Then NSLS Varun announced and congratulates the plaintiff Jothirathnam (Jay), is the new treasurer and along social event chair in the NSLS group chatroom in Whatsapp applications.

101. On 9 September 2016, in the NSLS Executive board meeting, Student President(Varun) again made a change in assigning the NSLS title and responsibilities to the Plaintiff. Told to take responsibilities of the society event chair along social events chair in the NSLS meetings.

102. After the progressive completion of the society events chair responsibilities, all event reservations made in proper proceedings and procedures with very few pending. For no reasons NSLS Student President (Varun) said **"Reservation is not your responsibilities" without any explanations** during the meeting on 6 October 2016 in an insulting manner.

**P. NSLS Varun Abused and Intimidated to Terminate the Plaintiff in Telephone Texts.**

103. The plaintiff Jothirathnam and Chaya, NSLS Executive Board member are the facilitators for NSLS events. Plaintiff is the secondary facilitator for the speaker rebroadcasts event on 11 October 2016. Plaintiff not received any event planning reminder.

104. On 12 October 2016, the student president (Varun) of NSLS questioned for not facilitating the rebroadcasting event in personal chat text. The plaintiff, Jothirathnam said "just following the Schedule CAP from now. I expected an reminder in official chatroom from the primary facilitator of the NSLS Executive board or the NSLS student president.

105. NSLS Varun mentioned an morally unacceptable abusive statements "I am under unreasoning that you are an adult" "You can't be a great leader if you're acting" and other commanding statements mentioned after plaintiff' gentle answer to question. NSLS student president, varun intimidated and

taken a decision to terminate the plaintiff in insulting manner. Unclear behavior clearly incites the

repeated racial harassment to the plaintiff.

106. NSLS Student president-Varun and the primary event facilitator- Executive board member, Chaya

Levin not sent any reminders in before to the Plaintiff in NSLS event planning.

107. Plaintiff have not communicated in reminder to facilitate as supportive Executive Board for the event.

Based on the NSLS Executive meetings on 3 June 2016 and post recorded notes. Mobile applications

is the communication medium (Whatsapp and Groupme) is officially used for all NSLS work

reminders.

108. On 11 October 2016. NSLS Student president, varun after failing the guidelines, agenda,

responsibilities, professionalism and personal decorum. In not sending reminders for the NSLS event

planning, to the plaintiff is a careless and intent mistake to the racial discrimination continuations.

109. In unrealized state of mind, NSLS Student president Varun insulting, agitating, corrosively verbal

abused the plaintiff (social event chair) in unprofessional manner in a mobile applications as a first

abuse. Plaintiff responded a reply.

110. NSLS Varun given a complaint of the last portion (reply) of one side chat conversation reported to

the Dean Zennabelle. On 17 October 2016, the plaintiff received the direct "electronic pick up letter"

from the Dean, Zennabelle. The plaintiff written the explanatory email of the complete nature to the

Associate dean of NYIT, Megan Seimers and the dean Zennabelle.

**Q. The Plaintiff sent the Descriptive Electronic Mail for the NSLS' Varun' biased nature and**

**different treatments with screenshot proofs**

111. The Plaintiff sent the NSLS descriptive email on 18 October 2016 to Megan Seimers (Associate dean

of SILD, Campus life) and the dean, Zennabelle, after the electronic pick up letter.

112. Dean Zennabelle, not considered- the plaintiff' explanatory electronic mail with proofs and opted

hearings.

**Part-4**

**S. Dean Zennabelle taken the wrong complaint and failed to call the NSLS student president**

**Varun to the meeting on 18 October 2016. The meeting scheduled only with the plaintiff and Dean**

**Zenn**abelle at NYIT office.

112. Dean Zennabelle unconsidered the Plaintiff' NSLS student participations of unpaid services to the

NYIT members, and handling additional designations 's after NSLS student president late submission

and assigning responsibilities, and every initiatives of the plaintiff for the NSLS. Also not considered the

previous NSLS complaints to Associate Dean of NYIT Campus life- Danny. Primarily dean Zennabelle

not eliminated or taken any action steps to the racial discriminations complaint made on after then 15

Sept 2016.

113. On 18 October 2016 in complaint meeting, the Dean Zennabelle opted to choose one out of two

steps, accepting the commit or Informal hearing. The plaintiff opted for informal hearing. Dean

Zennabelle not questioned on any serious involvement in handling the complaint towards the plaintiff.

114. On 19 October 2016 evening meeting after the informal hearing, the Dean Zennabelle said the

plaintiff not violated the conduct as per NYIT policy. During the same meeting, the Dean Zennabelle

sewell made a false statement, as plaintiff said "having mental voices in me" during the meeting so

advised to meet the Director Michael in NYIT counseling wellness office.

115. Plaintiff repeated the Dean Zennabelle's misunderstanding of non-stated words. Plaintiff also said

last month on 21 Sept 2016 visited the counselling wellness office for action report to racial

discrimination to the targeted individual crime. Dean zennabelle fixed to the false statement and said to

meet the Director Michael in determined.

116. **On 20 October 2016. Dean Zennabelle sent a Final Response Letter to the Plaintiff "Not Responsible for The Conduct unbecoming." after informal hearing**. Added a last point in the letter to meet to have a conversation in NYIT counseling wellness director (Michael) on or before 24 October 2016. Plaintiff made the appointment after the Dean, Zennabelle's falsification note.

117. On 21 October 2016 Plaintiff sent descriptive electronic mail about the NSLS incidents to Director Michael for an appointment as per Dean Zennabelle final letter.

118. Director Michael confirmed the appointment on 26 October 2016 to meet in the NYIT counseling and wellness office of Manhattan campus.

Part 5

**T. Plaintiff Discussed in the "NY Court of Public Opinion & Warning" Forum for the Racial Discrimination and the Harassment in NYIT Campus**

**(On 23 OCTOBER 2016)**

119. **On 23 October 2016** plaintiff in written legal preparations in the forum. Discussions made in "NY Court of Public Opinion and Warning". Discussions of the racial harassment outcomes and filing

procedures in the forum found by NYIT defendants. Plaintiff mentioned in a discussion **"waiting for few more an update to proceed from there"**

120. Discussion found by NYIT agents and planned the retaliations on **26th October 2016 appointment.**


Part 6

## U. Defendants- NYIT, Director Michael, and Dean Zennabelle Retaliated and Fraud Actions to Escape from the Racial Discrimination in the Targeted individual Crime

### (On 26 October 2016)

121. Plaintiff visited the NYIT counselling wellness office with an appointment on 11.00 am, 26 October 2016. The Director, Michael compelled the plaintiff to take away for a visit by saying "Consultant is arranged" and "worried about me".

122. Plaintiff asked for a reason to the Director Michael and mentioned "the NSLS complaint resolved with the Informal hearings of Dean Zennabelle" and received Final Response letter on 20 October 2016.

123. Dean' Zennabelle' Final Letter stated "during the course of the investigation and our conversation, it became evident Jothirathnam (Plaintiff) were not in violation of the code of conduct policy below as listed in the NYIT policy".

124. The Director Michael not taken plaintiff's response in consideration. No other way the plaintiff went with him to the hospital. After went, Plaintiff come to know it is Comprehensive Psychiatric Emergency Program (CPEP) visit of Mount Sinai.

125. Unwilling visits to Mount Sinai CPEP. The commit clearly describes the Defendant NYIT and Director Michael operated in plans to retaliations in order to intimidate the plaintiff from the legal proceedings.

126. According to the NYIT statement policies, under the policy name for the staff resources handbook of NYIT: "Concerned about a student? What you should do" in the policy owner (Counselling and wellness services) responsibilities can be referred to the The W. Kenneth Riland Academic Health Care Center, NYIT medical facility (Old Westbury) If the plaintiff mandatorily requires medical' help and attention or referrals in consults. Title VI violates of educational services under federally assisted program

**V. The Director Michael's Fraudulence and Fictitious Verbal Statements to the Mount Sinai CPEP**

**Found in the Summary report on 26 October 2016 (Evening) with the Plaintiff**

**<u>26 October 2016 (Evening)</u>**

127. On 26 October 2016 in the Mount Sinai CPEP visit. Director Michael reported false student information to the CPEP Staff. Then CPEP Mount Sinai staffs, after and after questioned the plaintiff about the NSLS and Director Michael's additional fictitious statements for 5 hours.

128. The plaintiff mentioned to the CPEP staff, "the NSLS matter solved after informal hearing and received the Final Response letter with a statement- Not Responsible for conduct unbecoming on 20 October 2016". The visit is compelled and involuntarily brought to CPEP through the Director Michael.

129. The plaintiff mentioned to CPEP staff that "Complaint resolved and I will report the hospital visit act".

130. Director Michael reported false information to Mount Sinai CPEP. In the summary paper, NYIT Director Michael elaborated, a fictitious statements. Statements found in the summary report of CPEP and given to the plaintiff in the evening.

131. The misguided medical information were overwhelmingly reported more other of NSLS.

132. The Plaintiff made all appointments with the email confirmations to meet the Director Michael. Plaintiff Behaved in a professional and disciplined manner to the Director Michael and all NYIT staff all the way.

133. The false remarks and fictitious from Director Michael, not communicated or not proceeded in accordance to the NYIT Title IX policies or compliances. Also not brought it in action reports to the student (plaintiff) in NYIT policies.

134. Retaliation operated in planned, intent and wrongful conduct. Misguided medical retaliations to U.S. graduate students in educational service is severe civil right' violation under Title IX.

135. Dean Zennabelle also involved in the medical retaliation and providing the false information. Retaliations operated in guilt; in found the plaintiff' court proceedings and discussions in forum.

**Part 7**

**Y. Failure Action and Involvement by the U.S. Dept of Higher Education Civil Rights-New York.**

**Complaint no: 02-17-2243.**

**<u>19 April 2017 – 05 July 2017</u>**

137. Postponing Reasons after the Complaint Evaluations for the Re-Filed Complaint Report for 4 months Between 19 April – 05 July 2017.

138. On 27 March 2017. Plaintiff reported the discrimination complaint against the NYIT to the US Department of higher education civil rights of New York Office. Two officers – Attorney Diane Castro and Attorney Ebone L.Woods, Esq assigned to investigate the racial complaint on 3 April 2017.

139. The Attorney Diane Castro and Ebone L.Woods taken the complaint case in electronic mail and telephone calls. Complaint case number: 02-17-2243 generated.  Plaintiff filled out additional questions on 19 April 2017.

140. Plaintiff followed up for the complaint process in the electronic mail, voicemail, telephone calls in continuous and response were in postponed in communications. Not taken any response or action steps to resolve the graduate student's discrimination until 7 July 2017. The Attorney Diane castro and Ebone L Woods not taken proper actions to civil case according to the duties and responsibilities in serious and negligence found.

Part 9

**Z. NYIT Director Compliance and Title IX Coordinator- Cheryl Monticciolo Received the continuing**

**Racial Discriminatory Complaint and not taken any further actions on 6 June 2017.**

**<u>6 June 2017</u>**

141.  Plaintiff written an electronic mail complaint to the NYIT Title IX coordinator, Cheryl Monticciolo.

After reporting the severity in electronic mail and telephone call, no further actions of investigations,

questionnaires, resolutions procedures taken for the complaint.

142. NYIT title IX coordinator lacks attention in detail to the racial discrimination complaint. Complaint

report sent in descriptive and web-link references.

143. Plaintiff explained the severity of the suffering of racial discrimination, hate crime, murder threats, and

falsifications in the explanatory electronic mail to the NYIT graduate school. Continuing troubles of

Targeted Individual (T.I.) crime of alarming in NYIT ON/OFF Campus and in restricting, stalking, and in

race discrimination

144. NYIT Compliance and Title IX Coordinator, Cheryl Montiocciolo responsible for the title IX protection in the NYIT On/OFF Campus to the Students. Not taken, not resolved, and not responsive of any appropriate actions to the racial discrimination complaints.

## V. COUNTS

### COUNT I

### VIOLATION OF NEW YORK CIVIL RIGHTS LAW

### DISCRIMINATION PROHIBITED

### New York Civil Rights Code §40-c. Discrimination

### (Against all Defendants)

145. Plaintiff re-alleges and incorporates by reference each and every allegation in this complaint though fully set forth herein.

146. Plaintiff's origin is Indian descent in race.

147. Defendant NYIT responsible for severe racial discrimination continued in classroom, library, campus sports grounds, career fair events, in all student work and retaliations in misguided act in the NYIT On/Off campus.

148. Defendant NYIT have subjected plaintiff in racial discrimination of severe exclusion in persistently operated and planned in academic program activities of NYIT ON/Off campus.

149. Plaintiff's complaints to the NYIT staffs defendants- Zennabelle, St Lager and Michael, Cheryl Monticciolo and US Department of Education in NY- not taken, not resolved, and not responsive of any appropriate actions to the racial discrimination complaints. All complaints handled in psychological warfare to avoid the matter and not eliminated the persistent discrimination.

150. The acts and omissions described above by the defendant New York Institute (NYIT) subjected Jothirathnam to discrimination based on race in the exercise of his civil right to education under New York Law.

151. Each of the Defendants' acts and omissions also aided and incited unlawful discrimination against Jothirathnam by others based on race in the exercise of his civil right to education under New York Law. The acts and omissions were undertaken recklessly and with the intent to engage in wrongful conduct.

152. These violations of Jothirathnam' rights under the New York Civil rights Laws are the actual, direct and proximate cause of injuries suffered by Jothirathnam as alleged herein.

153. Plaintiff have complied with the procedural requirements of New York Civil Rights Law $40-c by the serving notice upon the State Attorney General at or before the commencement of the action.

154. By this action, Jothirathnam seeks to vindicate the public interest by enforcing fundamental state civil rights protections for Jothirathnam in graduate candidate, and from the racial harassment.

155. Jothirathnam requests judgment in his favors against each of these Defendants as set forth in the

Prayer for Relief.

## COUNT II

**VIOLATION OF TITLE VI OF THE EDUCATION AMENDMENTS OF 1972,**

**AS AMENDED— DISCRIMINATION PROHIBITED**

**42 U.S.C. § 2000-d**

**(Against All Defendants in official capacities)**

156. The plaintiff re-alleges and incorporates by reference each and every allegation in this complaint

though fully set forth herein.

157. The acts and omissions described above by the defendant New York Institute (NYIT) subjected Jothirathnam to discrimination based on race in the exercise of his civil right to education under title VI violation.

158. Each of the Defendants' acts and omissions also aided and incited unlawful discrimination against Jothirathnam by others based on race in the exercise of his civil right to education under Title VI. The acts and omissions were undertaken recklessly and with the intent to engage in wrongful conduct.

159. Defendant NYIT responsible for Severe racial discrimination continued in classroom, library, campus sports grounds, career fair events, in all student Employments and planned retaliations in misguided act in NYIT ON/Off campus violates title VI.

160. The act of segregation in deliberate indifference, and provided the hostile in educational environment, set-forth of different treatment, denial provisions of opportunity violates the title VI of the education amendment under federally assisted program.

161. Defendant NYIT have subjected plaintiff in racial discrimination of severe exclusion in persistently operated and planned in ongoing calendar activities of NYIT ON/Off campus, in federally assisted program.

162. Plaintiff's complaints to the NYIT staffs of defendant Zennabelle, Defendant St Lager and defendant Michael, defendant Cheryl Monticciolo and US Department of Education in NY- not taken, not resolved, and not responsive of any appropriate actions to the racial discrimination complaints. All complaints handled in psychological warfare to avoid the matter and not eliminated the persistent discrimination.

163. These violations of Jothirathnam' rights under the title VI civil rights Laws are the actual, direct and proximate cause of injuries suffered by Jothirathnam as alleged herein.

164. By this action, Jothirathnam seeks to vindicate the public interest by enforcing fundamental federal civil rights protections for Jothirathnam in graduate candidate, and from the racial harassment.

165.Jothirathnam requests judgment in his favors against each of these Defendants as set forth in the

Prayer for Relief.

**COUNT III**

**U.S. Constitution Amendment XIV**

**Denial of Equal Protection on the Basis of Race**

**(Against all Defendants in official capacities)**

166.Plaintiffs incorporate by reference all preceding paragraphs.

167.Plaintiff's complaints to the Defendants-NYIT, Zennabelle sewell, Gabrielle St Lager, Michael,

Cheryl Monticciolo and US Department of Education in NY acting in color of law have deprived the

Jothirathnam of the rights, privileges, or immunities secured by Equal Protection Clause of the

Fourteenth Amendment to the U.S. Constitution, in that Defendants, without justification, have

intentionally discriminated against Jothirathnam on the basis of his race.

168. Each of these Defendants had actual knowledge that harassment based on race was so severe,

pervasive, and objectively offensive that it created a hostile climate that deprived Jothirathnam of

access to educational programs, activities, and opportunities.

169. The practices, policies, or customs of the NYIT and US Department of NY and their policymakers

for responding to such harassment based on race clearly unreasonable in light of the known

circumstances as to give rise to a reasonable inference that each of the Defendants named in this

claim intended for the harassment to occur.

170. The practices, policies, or customs of the NYIT and US Department of NY and their policymakers

have substantially contributed to the creation of a pervasive racial motive in targeted individual

benefits.

171. The NYIT Management, Title IX staffs-Zennabelle, Michael, Cheryl, Gabrielle St Lager, Head of computing science and engineering department also failed to adequately train NYIT Title IX students and agents about policies prohibiting harassment and discrimination on the basis of race.

172. These Defendants' failure to educate caused Jothirathnam to be subjected to discrimination and severe harassment on the basis of race.

173. The violations of Jothirathnam's rights under the Fourteenth Amendment by each of the Defendants named in this claim were the actual, direct, and proximate cause of injuries suffered by Jothirathnam as alleged.

174. Plaintiff Jothirathnam' requests judgment in his favor against each of the Defendants named in this claim as set forth in the Prayer for Relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Jothirathanm request judgment in favor and pray for relief against

Defendants- NYIT, Zennabelle Sewell, Gabrielle St Lager, Michael Schneider, Cheryl Monticciolo,

NYIT Campus security and Varun Chopra as follows.

1. For an order declaring that Defendants NYIT have been deliberately indifferent to known acts of

   discrimination and harassment on the basis of race, and that the discrimination was so severe,

   pervasive, exclusion, hostility and objectively offensive that it effectively barred Plaintiff access to an

   educational opportunity or benefit in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C.

   § 2000d et seq;

2. For an order declaring that Defendants NYIT, Zennabelle Sewell, Gabrielle St Lager, Michael

   Schneider, Cheryl Monticciolo, NYIT Campus Security have been deliberately indifferent to known

   acts of discrimination on the basis of race in violation of the Equal Protection Clause of the

   Fourteenth Amendment to the United States Constitution;

3.  For an order declaring that Defendants NYIT, Zennabelle Sewell, Gabrielle St Lager, Michael Schneider, Cheryl Monticciolo, NYIT campus security and Varun Chopra through their agents and employees, in their individual capacities, subjected Plaintiffs to discrimination while exercising their civil right to education under New York law in violation of New York Civil Rights Law §§ 40-c.

4.  For an order granting Plaintiff Jothirathnam nominal and compensatory damages against Defendant NYIT of Education for violations of Title VI of the Civil Rights Act of 1964, and 42 U.S.C. § 2000d.

5.  For an order granting Plaintiff Jothirathnam nominal, compensatory, and punitive damages against Defendant NYIT for violations of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Defendants' intent retaliations, and unattended complains results in severe racial exclusion in NYIT educational services in federally assisted program caused eradication of reputations, broadcasting defame, loss of internship opportunities, months of time in losing the knowledge and experiences in being a graduate, falling in unemployed category in continued suffer of racial discrimination and harassment in spending of the tuition receipt $42,000.00, in additional housing and living expenses for the dutiful denial of the equal educational opportunity.

6.  For order granting statutory damages against Defendants NYIT, Zennabelle Sewell, Gabrielle St

    Lager, Michael Schneider, Cheryl Monticciolo, NYIT Campus security for each violation of the New

    York Civil Rights Law §§ 40-c.

7.  For a permanent injunction restraining and enjoining Defendants NYIT, Zennabelle Sewell, Gabrielle

    St Lager, Michael Schneider, Cheryl Monticciolo, NYIT Campus security from failing to adequately

    protect, from racial conducts in the NYIT;

8.  For a permanent injunction ordering Defendants NYIT, Zennabelle Sewell, Gabrielle St Lager,

    Michael Schneider, Cheryl Monticciolo, NYIT Campus security to stop engaging in unconstitutional

    and unlawful acts, and to develop policies and procedures for ending any such unconstitutional and

    unlawful acts and the hostile and intolerant environment, including but not limited to the following:

    a. Require Defendants NYIT in official capacities and Cheryl Monticciolo, compliance

       officer, in officially and individual capacity to act in, serve and protect the graduate students

d. Require Varun Chopra of NYIT NSLS member, to answer the court why one of the

Designation- Society Events Chair in the Executive Board not recruited on actual time.

9.  For an order awarding each Plaintiff pre-judgment interest and post-judgment interest; and

10. For an order awarding such other and further relief as the Court deems just and proper.

## VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues triable of right by jury.

Dated: 11 June 2018

Respectfully Submitted

Jothirathnam Padmanabhan

2582 35th street Astoria New York

929 600 1763

jothirathnam@gmail.com