# CLIFTON BUDD & DEMARIA, LLP
## ATTORNEYS AT LAW

THE EMPIRE STATE BUILDING
350 FIFTH AVENUE, 61ST FLOOR
NEW YORK, NY 10118

TEL 212.687.7410
FAX 212.687.3285
WWW.CBDM.COM

September 7, 2018

**VIA ECF**
Honorable Edgardo Ramos, U.S.D.J.
United States District Court, Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *Padmanabhan v. New York Institute of Technology et al.*
              Civil Action No. 18-cv-5284 (ER)

Dear Judge Ramos:

      This firm represents defendants New York Institute of Technology ("NYIT"), Varun Chopra, Zennabelle Sewell, Michael Schneider, Gabrielle St. Leger, Cheryl Montiocciolo, Anthony Repalone and William Joseph (collectively, "Individual Defendants" and with NYIT, "Defendants"). Pursuant to Section 2(A)(ii) of Your Honor's Individual Practices, Defendants respectfully request a pre-motion conference as they seek leave to file a motion to dismiss plaintiff Jothi Rathnam Padmanabhan's ("Plaintiff") First Amended Complaint (the "Complaint") pursuant to Fed. R. Civ. P. 12(b)(6).

## I.    Summary of Plaintiff's Claims

      Plaintiff, an alleged graduate of NYIT, brings this action against NYIT and the Individual Defendants in their official and/or individual capacities. All Individual Defendants are current or former NYIT employees, with the exception of Chopra, who is a former NYIT student. (Complaint, ¶¶9, 11-17). In the Complaint, Plaintiff, of Asian race, alleges that he was subjected to "planned racial discrimination" and "retaliated in NYIT educational services." (Complaint, ¶1). Plaintiff alleges three causes of action in the Complaint. In Count I, Plaintiff alleges that all Defendants violated New York Civil Rights Law § 40-c ("NYCRL") by subjecting him to discrimination based on race and retaliating against him. (Complaint, ¶¶151-161). In Count II, Plaintiff alleges that all Defendants in their official capacities violated Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d ("Title VI"), by subjecting him to race discrimination. (Complaint, ¶¶162-171). In Count III, Plaintiff alleges that all Defendants in their official capacities violated the Fourteenth Amendment of the U.S. Constitution by denying Plaintiff equal protection on the basis of race. (Complaint, ¶¶172-181). Plaintiff seeks extensive declaratory relief, as well as damages in excess of 30 million dollars.

      Although unclear from the Complaint, it appears that Plaintiff contends that the following support his claims: (1) NYIT agents allegedly engaged in "private cyber surveillance" and "eye-signaling" (Complaint, ¶¶18-29, 35-39); (2) a NYIT student allegedly hit Plaintiff's leg (Complaint, ¶¶33-34); (3) NYIT baseball players allegedly spat on the ground in close distance to Plaintiff (Complaint, ¶47); (4) a NYIT student allegedly made a threatening statement to Plaintiff (Complaint, ¶¶51-52); (5) Plaintiff was subjected to alleged discriminatory conduct

**CLIFTON BUDD & DEMARIA, LLP**

Honorable Edgardo Ramos
September 7, 2018
Page 2

while a member of a board of a NYIT student organization, of which Mr. Chopra was the former President (Complaint, ¶¶61-119, Ex. C); and (6) Plaintiff visited NYIT's counseling and wellness office and contends that he was retaliated against when he was taken to Mount Sinai's Comprehensive Psychiatric Emergency Program, as well as when Mr. Schneider, NYIT's Director of Counseling and Wellness, allegedly made false statements to the hospital (Complaint, ¶¶123-137). Plaintiff further alleges that he reported some of this alleged conduct to NYIT employees and a consultant, without describing what specifically he reported in most instances, and no action was taken. (Complaint, ¶¶56-60, ¶¶109-119, 148, Ex. C).

**II.     Argument**

      A.  <u>Plaintiff's Claims Against the Individual Defendants Should Be Dismissed</u>

Plaintiff's claims against the Individual Defendants sued in their "official capacity" should be dismissed as redundant or duplicative of Plaintiff's claims against NYIT, the entity of which Plaintiff alleges the Individual Defendants are officers. *See Jeune v. City of New York*, 2014 WL 83851, *3 (S.D.N.Y. 2014). For the reasons discussed below, Plaintiff's claims against the Individual Defendants sued in their individual capacities in Count I should also be dismissed as Plaintiff fails to allege plausible claims of race discrimination and retaliation.

      B.  <u>Plaintiff Fails to State Claims of Discrimination or Retaliation Under the NYCRL</u>

Plaintiff's claims of race discrimination and retaliation under the NYCRL should be dismissed as to all Defendants for failure to state a claim. In order to allege a plausible claim of race discrimination, Plaintiff must allege that: (1) he is a member of a protected class; (2) he was qualified; (3) he suffered an adverse action; and (4) the adverse action took place under circumstances giving rise to an inference of discrimination. *See Ruiz vs. County of Rockland*, 609 F.3d 486, 496 (2d Cir. 2010); *Karam v. County of Rensselaer*, N.Y., 2016 WL 51252, *14 (N.D.N.Y. 2016)(applying Title VII and NYSHRL standard to NYCRL claim).

Here, it is unclear how Plaintiff contends that Defendants discriminated against him based on race as Plaintiff does not allege that he suffered any adverse action or that he was denied any educational services. The basis for Plaintiff's race discrimination claims appears to be that NYIT agents engaged in cyber surveillance and "eye signaling" while at NYIT's career fairs, a student kicked and threatened him, students spat on the ground near him and he had a dispute with Mr. Chopra, another student of the same race as Plaintiff, in connection with Plaintiff's duties as a member of a board of a student organization. Assuming *arguendo* for purposes of this letter only that these events occurred, there is absolutely nothing in the Complaint that supports Plaintiff's claim that any of these actions were taken because of his race or anything from which one can infer race discrimination. Plaintiff simply makes a blanket assertion that Defendants' conduct was motivated by race without providing any support, such as racially derogatory comments, any references to Plaintiff's race or any disparate treatment based on race. Such blanket, conclusory assertions are insufficient to allege a plausible claim of race discrimination.

**CLIFTON BUDD & DEMARIA, LLP**

Honorable Edgardo Ramos
September 7, 2018
Page 3

As for Plaintiff's retaliation claim, to establish a plausible claim of retaliation, Plaintiff must allege that: (1) he engaged in protected activity; (2) Defendants knew of this activity; (3) Defendants took adverse action against him; and (4) a causal connection existed between the protected activity and the adverse action. *See Panzarino v. Deloitte & Touche*, LLP, 2009 WL 3539685, *10 (S.D.N.Y. 2009). Plaintiff appears to allege that the basis for his retaliation claim is that Mr. Schneider allegedly went with Plaintiff to the hospital and allegedly submitted a false statement to the hospital. Assuming *arguendo* for purposes of this letter only that Plaintiff reported any alleged race discrimination to NYIT, Plaintiff fails to allege a causal connection between any alleged protected activity and any alleged act by NYIT, Mr. Schneider or any of the other Individual Defendants. Again, the Complaint is replete with blanket assertions of retaliation without any factual support, requiring dismissal.

      C.  <u>Plaintiff Fails to State a Claim of Race Discrimination Under Title VI</u>

Similarly, Count II should be dismissed for failure to state a claim. In order to state a claim under Title VI, Plaintiff must allege: "(1) that the defendant discriminated against him on the basis of race; (2) that [the] discrimination was intentional; and (3) that discrimination was a substantial and motivating factor for the defendant's actions." *Manolov v. Borough of Manhattan Community College*, 952 F. Supp.2d 522, 531 (S.D.N.Y. 2013). As discussed above, Plaintiff provides absolutely no support in the Complaint for his claims that Defendants discriminated against him based on his race. He alleges no racially derogatory comments nor does he allege any disparate treatment based on his race. Plaintiff makes repeated conclusory assertions that any alleged actions taken against him were because of his race without alleging any facts from which one can infer discriminatory intent by Defendants. This is simply insufficient to allege a plausible claim of race discrimination under Title VI. *See Kajoshaj v. New York City Dept. of Educ.*, 543 Fed.Appx. 11 (2d Cir. 2013); *Manolov*, 952 F.Supp.2d at 532.

To the extent that Plaintiff is alleging that Defendants are liable under Title VI for failing to take any action for the alleged racially discriminatory conduct, in order to be held "liable for deliberate indifference, harassment must be severe, pervasive, and objectively offensive." *Roggenbach v. Touro College of Osteopathic Medicine*, 7 F.Supp.3d 338, 348 (S.D.N.Y. 2014)(citations omitted). Plaintiff fails to allege any conduct by NYIT employees or students that satisfies this standard, requiring dismissal of this claim.

      D.  <u>Plaintiff Fails to Allege a Violation of the Fourteenth Amendment</u>

Count III should be dismissed as the Fourteenth Amendment only applies to state actors, not NYIT, a private university, or the Individual Defendants. *See Metellus v. JetBlue Airways Corp.*, 2010 WL 1267777, *5 (E.D.N.Y. 2010).

Based upon the foregoing reasons and other reasons that may be included in Defendants' motion, Defendants respectfully request leave to file a motion to dismiss the Complaint. Thank you for Your Honor's consideration of Defendants' request.

**CLIFTON BUDD & DEMARIA, LLP**

Honorable Edgardo Ramos
September 7, 2018
Page 4

                                              Respectfully Submitted,

                                              CLIFTON BUDD & DeMARIA, LLP
                                              *Counsel for Defendants*

                                     By: _____
                                                Douglas Catalano
                                                Stefanie Munsky

cc: Mr. Jothi Rathnam Padmanabhan (via ECF and via e-mail with cited cases)